UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHERINE EBAN FINKELSTEIN,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>*Defendant*. | Civil Action No. 1:22-cv-02435 (CJN) |

**STANDING ORDER FOR FOIA CASES**

This Standing Order applies to FOIA cases assigned to Judge Carl J. Nichols. Parties must familiarize themselves and comply with the following:

1. **Local Rules**

    Absent a contrary order of the Court, the Parties shall comply with the Rules of the U.S. District Court for the District of Columbia ("Local Civil Rules"), which are available at https://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

2. **Communications with Chambers**

    Except to inform the Court of an actual emergency, the Parties may not contact Chambers by telephone. Parties may contact the Courtroom Deputy Clerk, Courtney Lesley, at **Courtney_Lesley@dcd.uscourts.gov** or (202) 354-3101, with scheduling inquiries about the case. Chambers will not provide legal advice of any kind.

3. **Service of the Complaint & Standing Order**

    Plaintiff must promptly serve the Complaint in accordance with Federal Rule of Civil Procedure 4; shall file the proof of service with the Court, in accordance with Local Civil Rule 5.3; and shall ensure that all Parties receive a copy of this Standing Order.

4. **Amended Pleadings**

    Any amended pleadings shall be accompanied by a redline comparison of the original and amended pleading.

5. **Initial Joint Status Report & Scheduling Order**

After Defendant files an Answer, the Parties shall file, within 30 days of the filing of the Answer, a Joint Status Report addressing (1) the status of Plaintiff's FOIA request; (2) the anticipated number of documents responsive to Plaintiff's FOIA request; (3) the anticipated dates(s) for release of the documents requested by Plaintiff; (4) whether a motion for stay is likely under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976); (5) the possibility of prioritizing documents responsive to Plaintiff's requests and any discussions regarding whether Plaintiff's requests can be narrowed; and (6) whether the Parties anticipate summary judgment briefing and, if so, a proposed briefing schedule. After submission of the Report, the Court will, if necessary, schedule an Initial Scheduling Conference. Following submission of the Report or following the Initial Scheduling Conference, the Court will issue a Scheduling Order that will govern proceedings in the case as appropriate.

**6.   Rescheduled Hearings**

Requests to reschedule hearings are discouraged. If a Party seeks to change a previously scheduled hearing date, the Party must meet and confer with the Opposing Party and file a motion at least one week prior to the scheduled hearing[1] that shows good cause and proposes four alternative dates and times that would be convenient for all Parties. If the Party's suggested dates and/or times are not available on the Court's calendar, the Court will select an alternative date and/or time.

In the event that the Court is closed or has a delayed opening due to inclement weather or an unforeseen emergency, affected hearings will be rescheduled by the Courtroom Deputy Clerk.

**7.   Motions Generally**

   a.   *Proposed Orders*

   Proposed orders submitted by an ECF user in an ECF case shall be filed in PDF format and attached to the electronically filed document to which they pertain. *See* LCvR 7(c).

   In addition, proposed orders shall be submitted in Word format to **CJNpo@dcd.uscourts.gov**.

   b.   *Format*

   Every memorandum of points and authorities that is ten pages or more in length must contain a Table of Contents and Table of Authorities, regardless of whether the memorandum is filed in support of or in opposition to a motion.

---

[1] If a Party cannot comply with this one-week requirement, it must explain why it cannot do so in its motion.

Filings shall include a page number at the bottom of each page.

All memoranda shall have one-inch margins and all text in the main body must be double-spaced and in twelve-point Times New Roman font, while all footnotes must be single-spaced (with twelve-point spacing between each footnote) and in twelve-point Times New Roman font. Local Civil Rule 7(e) sets page limitations.

Memoranda shall not include an excessive use of footnotes, LCvR 5.1(d), or acronyms. Parties shall define uncommon acronyms on first usage. If the Court's restriction on the use of acronyms will result in an inability to conform to the page limitations set by Local Civil Rule 7(e), then a Party may file a motion for excess pages.

Each submission that includes more than one exhibit shall contain an index of exhibits. Exhibits shall be properly edited to exclude irrelevant material and to direct the Court's attention to pertinent portions.

    c.    *Courtesy Copies*

Parties shall submit to Chambers upon filing two courtesy copies of any filing that exceeds twenty-five pages, including exhibits and, if applicable, the administrative record. For filings over 250 pages, the Parties should contact chambers at **Nichols_Chambers@dcd.uscourts.gov** prior to submission.

**8.    Motions for Extension of Time**

    a.    *Generally*

Motions for extension of time are discouraged. Any such motions should be filed at least four days prior to the deadline and conform with the requirements of Section 9(b).[2] Extensions or enlargements of time will only be granted upon motion and not upon stipulation of the Parties.

    b.    *Content*

Motions for extension of time must include the following:
  i. the original date of the deadline the motion is seeking to extend;
  ii. the number of previous extensions of time granted to each Party;
  iii. the good cause supporting the motion;
  iv. the effect, if any, that the granting of the motion will have on existing deadlines;
  v. for requests seeking to extend the deadline of a motion, suggested deadlines (reached in consultation with the Opposing Party) for the filing of any opposition and reply papers; and

---

[2] If a Party cannot comply with this four-day requirement, it must explain why it cannot do so in its motion.

      vi.    the Opposing Party's position on the motion, including any reasons given for refusing to consent, *see* LCvR 7(m).

  c.  *Opposition*

If a Party intends to file an opposition to a motion for an extension of time, it must file the opposition **by 5:00 PM the business day after the motion is filed**.

**9.  Motions for Summary Judgment**

The Court strictly enforces Local Civil Rule 7(h) when resolving motions for summary judgment and will "assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h); *see also* Fed. R. Civ. P. 56(e). Additionally, Parties must comply with the following instructions when briefing motions for summary judgment:

a.  The Moving Party's statement of material facts shall be a short and concise statement, in numbered paragraphs, of all material facts as to which the Moving Party claims there is no genuine dispute. The statement must contain only one factual assertion in each numbered paragraph.

b.  The Party responding to a statement of material facts must respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. If a paragraph is admitted only in part, the Party must specifically identify which parts are admitted and which parts are denied.

c.  The Court may assume that facts identified by the Moving Party in its statement of material facts are admitted unless such facts are controverted in the statement filed in opposition to the motion.

d.  The Opposing Party must include any information relevant to its response in its correspondingly numbered paragraph with specific citations to the record.

e.  If the Responding Party, however, has additional facts that are not directly relevant to its response, it must identify such facts in consecutively numbered paragraphs at the end of its responsive statement of facts. If additional factual allegations are made, the Opponent must file a responsive statement of its own.

*   *   *

It is so **ORDERED**.

DATE: August 22, 2022

                                                    CARL J. NICHOLS
                                                    United States District Judge